THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, *v.* FRANK ROBBINS, DEFENDANT.

*Game laws—by whom actions to recover penalties for a violation of them can be brought—*
1883, *chap.* 317, *sec.* 1; 1879, *chap.* 534. *sec.* 33.

Section 1 of chapter 317 of 1883, authorizing the governor to appoint persons to act as game and fish protectors, to enforce the game laws and to bring actions and proceedings in the name of the people of the State to recover any penalties for violations thereof, did not repeal so much of section 33 of chapter 534 of 1879, as authorizes actions and proceedings to recover such penalties to be instituted by any person in his own name.

The recovery of a judgment for such a penalty in an action so brought by a private person is a bar to any subsequent action to recover a penalty for the same wrongful action brought in the name of the people, pursuant to the said act of 1883.

MOTION on the part of the plaintiff for new trial, upon exceptions ordered to be heard at the General Term in the first instance.

*I. W. Near*, district attorney, for the plaintiff.

*Monroe Wheeler*, for the defendant.

Haight, J.:

This action was brought upon the request of one of the game and fish protectors of the State to recover of the defendant certain penalties for violations of sections 23 and 24 of chapter 534 of the Laws of 1879, as amended by chapter 531 of the Laws of 1880. The action was brought pursuant to section 1 of chapter 591 of the Laws of 1880, as amended by chapter 317 of the Laws of 1883. The defense interposed was that prior to the commencement of this action one Douglas Lockwood had brought an action against the defendant before a justice of the peace of the county of Steuben, for the same cause of action alleged in the first count of the complaint herein, and had recovered a judgment against the defendant for the sum of twenty-five dollars and costs, being the amount of one penalty given by the statute; also, that prior to the commencement of this action Douglas Lockwood had brought another action against this defendant and one William Westcott before a justice of the peace of the county of Steuben, for the same cause of action alleged in the second count of the complaint herein, and had recovered a judgment for the sum of twenty-five dollars and costs, being the amount of one penalty given by the statute. Upon the trial the court directed a verdict in favor of the defendant, which direction was excepted to by the district attorney.

The only question presented for review upon this motion is whether or not the actions brought and judgments recovered by Lockwood before the justice of the peace are a bar to this action.

It appears to us that this question is settled by the express provisions of the statute. The penalties sued for are given by sections 23 and 24 of chapter 534 of the Laws of 1879, as amended by chapter 531 of the Laws of 1880. Section 33 of chapter 534 of the Laws of 1879, provides that "all penalties imposed by this act may be recovered with costs of suit by any person in his own name, or by any society in its name, upon such society giving security for costs before any justice of the peace in the county where the offense was committed or in an adjoining county, when the amount does not exceed the jurisdiction of such justice; or when such suit

shall be brought in the city of New York, before any justice of the district court or of the Marine Court of said city, and such penalties may be recovered in the like manner in any court of record in this State; but on recovery by the plaintiff in such case for a less sum than fifty dollars, the plaintiff shall only be entitled to costs to an amount equal to the amount of such recovery; and it shall be the duty of any district attorney in this State, and he is hereby required to prosecute or to commence actions in the name of the people of this State for the recovery of the penalties allowed hereby upon receiving proper information," etc.

It will be observed that under this statute the legislature has given any individual or society the right to bring and maintain an action for the penalties provided for in the act, as well as the district attorney of the county, in the name of the people of the State. It remains to be determined whether or not this section has been amended or repealed.

Section 1, of chapter 317 of the Laws of 1883, provides that "the governor is hereby authorized, upon the passage of this act, to appoint eight, and he may in his discretion increase the number of said appointments to sixteen persons, to be known as game and fish protectors, whose duty it shall be to enforce the statutes for the preservation of moose, wild deer, birds and fish, or any other game laws, and to bring, or cause to be brought, actions and proceedings in the name of the people of the State to recover any penalties or amounts, or to punish any parties for the violation of said statutes or laws. Such actions may be brought in the name of the people in the like cases in the same courts and under the same circumstances *as they might now or may hereafter be brought by any individual* under or by virtue of any existing or hereafter enacted statutes for the protection of deer, game and fish, or any of them."

It is contended that this section is in conflict with and repugnant to the provisions of section 33. Such, however, does not appear to us to be the case. On the contrary, it appears to express the legislative intent to preserve the provisions of that section. The familiar rule of construing statutes is that a statute shall not be repealed by a subsequent act unless by express terms or by provisions which are repugnant to and in conflict with it so that the two cannot stand together, thus indicating a legislative intent to repeal

the former statute. Section 33 is not repealed by express terms. There is nothing in section 1 of the subsequent act which is in conflict with or repugnant to its provisions. To be sure, it provides that the action may be maintained in the name of the people of the State by any game and fish protector, thus adding another individual to the list given by section 33 who may bring the action for the penalty. Such action, however, when brought by the game and fish protector, has to be brought in the name of the people of the State, and may be brought in like cases in the same courts and under the same circumstances as they might now or may *hereafter* be brought by any individual," etc. The phrase " or may hereafter be brought by any individual," appears to us to make clear the legislative intent to preserve section 33 ; for if it was intended to repeal it, the actions could not *hereafter* be brought by an individual.

There can be but one recovery for the same violation of the statute. Otherwise, every person in the State could maintain an action and recover the penalty. It follows that Lockwood had the right to maintain the actions prosecuted by him and recover the penalties prescribed for the violations complained of, and that such recovery becomes a bar to any other action for the same penalties.

The motion for new trial should be denied, and judgment ordered for the defendant upon the verdict.

SMITH, P. J., BRADLEY and BARKER, JJ., concurred.

Motion for new trial denied, and judgment ordered for the defendant on the verdict.